IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

RENAE SCHUETTPELZ and )
HEATHER TUTTLE, )
) No. C09-28 EJM
Plaintiffs, )
) ORDER
vs. )
)
BLUE SKY SATELLITE SERVICES, )
INC., )

Defendant.

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed February 12, 2010. Briefing concluded on April 5, 2010. Granted.

Plaintiffs filed this action in the Iowa District Court for Linn County seeking damages for defendant's claimed sexual harassment in violation of the Iowa Civil Rights Act (ICRA), IC 216.1 et seq., and Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. On February 25, 2009, defendant removed the matter to this court pursuant to 28 USC §§1441 and 1446. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiffs claim sexual harassment by a Blue Sky supervisor, Dan Robinson, causing a hostile work environment, leading to their constructive discharge. Specifically, they allege repeated sexual harassment by Robinson, as well as the discovery of a hole between the men's restroom and the women's restroom that made it possible to see into the women's restroom from the men's restroom. They assert that they advised Blue Sky of this situation, and were assured remedial actions would be taken. Notwithstanding

1

the assurance, plaintiffs assert defendant failed to take remedial steps, and that they were therefore compelled to quit their employment with defendant.

Defendant seeks summary judgment, asserting that plaintiffs did not suffer a tangible employment action, that defendant exercised reasonable care to prevent and correct any sexual harassment, and that plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Blue Sky. Defendant further asserts plaintiffs cannot satisfy the burden of proof on their claim for punitive damages.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

To establish a prima facie case of a hostile work environment based upon supervisor conduct, plaintiffs must show that they were members of a protected group, they were the subjects of unwelcome harassment, a causal nexus exists between the harassment and their protected group status, and the harassment affected a term, condition, or privilege of their employment. Jenkins v. Winter, 540 F3d 742, 748 (8th Cir. 2008); Brenneman v. Famous Dave's of Am., Inc., 507

2

F3d 1139, 1143 (8th Cir. 2007). It is undisputed for the purpose of this motion that plaintiffs have made out a prima facie case of a hostile work environment.[1]

An employer is vicariously liable for a supervisor's harassment unless the employer demonstrates that it is entitled to the Ellerth-Faragher affirmative defense. Burlington Indus., Inc. v. Ellerth, 524 US 742, 765 (1998); Faragher v. City of Boca Raton, 524 US 775, 807-808 (1998); Brenneman, supra, 507 F3d at 1144. This affirmative defense is not available if the employee suffers a tangible employment action, which is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Ellerth, 524 US at 761. If there is no tangible employment action, the employer may assert the affirmative defense. Ellerth, 524 US at 765.

Plaintiffs assert they suffered a tangible employment action, claiming they were constructively discharged.

> "Constructive discharge occurs when an employer deliberately renders the employee's working conditions intolerable, thereby forcing her to quit." Tatum v. Ark. Dept. of Health, 411 F3d 955, 960 (8th Cir. 2005). To prove constructive discharge, a plaintiff must demonstrate that: "(1) a reasonable person in her situation would find the working conditions intolerable and (2) the employer... intended to force the employee to quit." Id., citing Gartman v. Gencorp Inc., 120 F3d 127, 130 (8th Cir. 1997). If the plaintiff cannot show the employer intended to force her to quit, she can still prevail if "the employer...could have reasonably foreseen that the employee would [quit] as a result of its actions.." Wright v. Rolette County, 417 F3d

---

[1] The Iowa Supreme Court has adopted the federal framework to analyze sexual harassment claims, therefore the ICRA and Title VII analysis is the same. See Farmland Foods Inc. v. Dubuque Human Rights Comm'n., 672 NW2d 733, 743-44 (Iowa 2003).

3

879, 886 (8th Cir. 2005), quoting Fenney v. Dakota, Minn. & E.R. Co., 327 F3d 707, 717 (8th Cir. 2003) [footnote omitted]. A reasonable employee has "an obligation not to assume the worst and not to jump to conclusions too quickly. An employee who quits without giving [her] employer a reasonable chance to work out a problem has not been constructively discharged." Duncan v. Gen. Motors Corp., 300 F3d 928, 935 (8th Cir. 2002), quoting Summit v. S-B Power Tool, 121 F3d 416, 421 (8th Cir. 1997).

Brenneman v. Famous Dave's of America, Inc., 507 F3d 1139, 1144 (8th Cir. 2007).

As in Brenneman, on the matter of constructive discharge the court concludes that there is no disputed issue of material fact, and that plaintiffs were not constructively discharged. A reasonable person in plaintiffs' position would not have found the working conditions so intolerable as to compel resignation. Upon notification of the sexual harassment claims, it appears undisputed that defendant promptly responded by discharging the supervisor, repairing the hole in the restrooms, changing the locks on the building, and installing a surveillance system. Upon discovering that the locksmith did not successfully change the locks, the locksmith was promptly directed to return and replace them in an effective manner. While the surveillance system was not operational immediately, it appears undisputed that defendant was promptly pursuing having it become operational within a matter of days.

Having concluded that plaintiffs did not suffer a tangible employment action, the employer may assert the Ellerth-Faragher affirmative defense. This defense has two elements: (1) the employer exercised reasonable care to prevent and

correct promptly any sexually harassing behavior, and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm. Brenneman, supra, 507 F3d at 1145. When viewed in light of the appropriate standards, it is the court's view that the record, including defendant's published and distributed sexual harassment policies and training, and including defendant's prompt remedial actions noted above, satisfies the first element of the affirmative defense. Further, as to the second element, it is the court's view that plaintiffs unreasonably failed to take advantage of the corrective measures afforded by defendant. See Brenneman, supra, 507 F3d at 1145 (reasonable employee has an obligation to give employer a chance to work problems out). Accordingly, there being no disputed issue of material fact, defendant is entitled to summary judgment.

As a final matter, plaintiffs do not resist defendant's motion as to punitive damages, and therefore the motion shall be granted as to the claim for punitive damages both in light of the above disposition, and for the separate and independent reason that the motion is unresisted on this point.

It is therefore

ORDERED

Granted.

July 29, 2010.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT